```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 12-60990-CIV-ZLOCH
```

KATHERINE W. YOUNG,

      Plaintiff,

vs.                                           **DEFAULT FINAL JUDGMENT**

TAKHAR COLLECTION SERVICES LTD
d/b/a TAKHAR GROUP,

      Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff Katherine Young's Motion For Default Final Judgment (DE 9). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

On May 23, 2012, Plaintiff Katherine Young initiated the above-styled cause with the filing of her Complaint (DE 1). Defendant Takhar Collection Services LTD, d/b/a Takhar Group ("Takhar") failed to file an appropriate Motion or responsive pleading within the time prescribed by law. Thus, the Clerk of the United States District Court for the Southern District of Florida entered Default against Defendant Takhar on July 17, 2012. See DE 8. By the instant Motion (DE 9) Plaintiff Young now moves for Default Final Judgment.

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant by virtue of its default. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-

78 (11th Cir. 2005) (citations omitted).  Thus, the Court finds that Defendant Takhar, via its agents and/or employees, called Plaintiff on at least eight occasions in a manner that was in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.  See DE 1.  Plaintiff is therefore entitled to recover statutory damages of up to $1,000.00 for Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

The factors considered by the Court in determining the amount of liability under 15 U.S.C. § 1692k(a) include, among other relevant factors: "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. § 1692k(b)(1).  The Complaint (DE 1) alleges that Defendant, via its agents and/or employees, called Defendant on at least eight occasions and left pre-recorded messages that failed to disclose Defendant's status as a debt collector and failed to make a meaningful disclosure of its identity.  Plaintiff is thus entitled to recover statutory damages of $1,000.00 for Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k(a)(2)(A).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the parties hereto and the subject matter herein;

2. Plaintiff Katherine Young's Motion For Default Final Judgment (DE 9) be and the same is hereby **GRANTED**;

3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Katherine Young and against Defendant Takhar Collection Services LTD, d/b/a Takhar Group;

4. Plaintiff Katherine Young does have and recover from Defendant Takhar Collection Services LTD, d/b/a Takhar Group the sum of $1,000 together with interest thereon at a rate of 0.17% per annum, in statutory damages for all of which let execution issue;

5. The Court shall entertain a separate Motion For Attorney's Fees that comports with the dictates of Local Rule 7.3; and

6. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __7th__ day of August, 2012.

                                     WILLIAM J. ZLOCH
                                     United States District Judge

Copies furnished:

All Counsel of Record