UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60990-CIV-ZLOCH

KATHERINE W. YOUNG

    Plaintiff,

vs.                                           **O R D E R**

TAKHAR COLLECTION SERVICES LTD.,

    Defendant.
_____/

THIS MATTER is before the Court upon Plaintiff's Verified Motion For An Award Of Costs And Attorney's Fees (DE 12). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

By prior Order (DE 11), the Court entered Default Final Judgment against Defendant Takhar Collection Services LTD, d/b/a Takhar Group upon the Complaint filed herein (DE 1). Plaintiff, as the prevailing party, now moves for attorney's fees and costs associated with the successful prosecution of this action, under 15 U.S.C. § 1692k(a)(3).

The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, <u>Federal Practice and Procedure</u>: Civil 3d § 2675.1 (1998 & West Supp. 2011).

To calculate a reasonable fee, the Court must utilize the "lodestar" method of multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); see also Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Here the Court is satisfied that a reasonable rate for Mr. Donald Yarbrough is $200.00 per hour. In particular, the Court has considered the attorney's experience and the time, labor, and expertise that this case required. The Court notes that a rate of $200.00 per hour is more appropriate than the $350.00 per hour rate he seeks, given the relative difficulty of this action, which ended in the Court's entry of default against Defendant.

The second step in calculating the lodestar is to determine the reasonable number of hours expended by Mr. Yarbrough in the successful prosecution of the action. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. Id. Here, Plaintiff seeks attorney's fees for 5.56 hours of work. The Court finds that these hours are reasonable. Therefore, based on an hourly rate of $200.00 per hour and 5.56 hours of work expended, Mr. Yarbrough's resulting lodestar is $1,112.00.

Finally, Plaintiff seeks $415.00 in costs, including the filing fee and the fee associated with effecting service upon Defendant. The Court finds that such costs are compensable under 28 U.S.C. § 1920 and may be recovered by Plaintiff.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff's Verified Motion For An Award Of Costs And Attorney's Fees (DE 12) be and the same is

3

hereby **GRANTED**. Plaintiff Katherine Young does have and recover from Defendant Takhar Collection Services LTD, d/b/a Takhar Group the sum of $1,112.00 in attorney's fees and $415.00 in costs incurred in this action, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21 day of December, 2012.

                                    /s/ William J. Zloch
                                    WILLIAM J. ZLOCH
                                    United States District Judge

Copies furnished:

All Counsel of Record